UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD STEVENSON,

        Petitioner,

v.                                      CASE NO. 07-15173
                                        HONORABLE GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

Petitioner Reginald Stevenson is a federal inmate currently confined at the Federal Medical Center in Rochester, Minnesota. He has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, seeking credit on his federal sentence for time spent in custody on a state sentence.

On September 9, 2004, Petitioner pleaded guilty in this District to one count of conspiracy to distribute narcotics in violation of 18 U.S.C. § 846. United States District Judge David M. Lawson subsequently sentenced Petitioner to 108 months in prison. Judge Lawson ordered Petitioner's federal sentence to run concurrently with the undischarged term of the state sentence that Petitioner was serving at the time.

In 2005, while Petitioner was still in state custody, he filed a motion under 28 U.S.C. § 2255 to correct his federal sentence. He sought credit on his federal sentence for time served on his unrelated state sentence prior to sentencing in federal court. On July 12, 2007, Judge Lawson dismissed the motion without prejudice after concluding that Petitioner must wait until he was

transferred to federal custody and then file an action in the appropriate court under 28 U.S.C. § 2241 if the Federal Bureau of Prisons failed to grant him relief during administrative proceedings.

Petitioner alleges that he pursued administrative remedies and was transferred to federal custody on October 16, 2007. He now seeks credit for 345 days spent in state custody.

## II. Discussion

The Attorney General, through the Federal Bureau of Prisons has responsibility for administering the sentences of federal prisoners, but prisoners may seek judicial review of these computations after exhausting their administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The remedy for a challenge to the execution or manner in which a federal sentence is being served is to file a habeas petition under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The proper respondent in such cases is the person who holds the petitioner in custody, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Thus, a § 2241 habeas petitioner who seeks to challenge his present custody should name his warden as the respondent and file the petition in the district of confinement. *Padilla*, 542 U.S. at 447.

Petitioner is confined at a federal facility in Minnesota. The absence of his custodian or warden from this District is fatal to the Court's jurisdiction over him. *Schlanger v. Seamans*, 401 U.S. 487, 491 (1971); *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir.

1977).  Because the Court lacks jurisdiction over Petitioner's custodian, the habeas petition is DISMISSED without prejudice to whatever rights Petitioner may have in the district of confinement.

Dated: January 3, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk